IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JACQUELINE M. KERSHENSTINE,** *et al.*, | * * * | |
| **Plaintiffs,** | * * | |
| vs. | * * | **CIVIL ACTION 06-00618-WS-B** |
| **JAMES BRIAN GRAYSON,** *et al,* | * * | |
| **Defendants.** | * | |

## ORDER

This action is before the Court on Defendants' Ryan Christopher Paul and William Paul's Motion to Compel Discovery (Doc. 21) and Daniel Abel, Esq.'s Motion to Appear Pro Hac Vice (Doc. 29). Upon review of the pleadings, and other documents of record, the motions are **GRANTED**.

According to Defendants, their Interrogatories and Request for the Production of Documents for Plaintiffs were served via mail on Daniel A. Abel, Esq, at 403 Vennard Ave., Lafayette, Louisiana on December 5, 2006. (Docs. 8, 21). After no response was received, defense counsel wrote Mr. Abel on February 1, 2007, concerning Plaintiffs' outstanding discovery responses. (Docs. 21, 22). On March 8, 2007, Defendants filed the instant Motion to Compel wherein they assert that Plaintiffs have failed to respond to their discovery requests in a timely fashion despite repeated requests that they do so. (Doc. 21). On March 22, 2007, Mr. Abel filed a response to Defendants' motion, and shortly thereafter, filed a Motion to Appear Pro Hac Vice. (Docs. 26, 29-30). In the response, Mr. Abel states that he did not receive any discovery requests from Defendants, nor did he receive Defendants' motion to compel. (Doc. 26). Mr. Abel contends that he was made aware of the motion to compel upon Plaintiff Mr. Kershenstine's notice to him of same. (Id. at 1).

At the outset, the undersigned notes that although Mr. Abel participated in the Rule 26(f) planning meeting on behalf of the Plaintiffs in early January 2007, and was directed to submit an application for admission pro hac vice by January 29, 2007, he failed to do so. (Docs. 11, 12). He did not seek admission until April 4, 2007, notwithstanding the Court's directive. Moreover, while Mr. Abel contends that he did not receive Defendants' discovery requests nor their motion to compel, the record reflects that the discovery requests and motion were forwarded to Mr. Abel at the 403 Vennard Ave. address listed in his pro hac vice application. Mr. Abel has not offered any explanation for why mail addressed to him at the 403 Vennard Ave. address would not have reached him. In the absence of such, the undersigned finds that Mr. Abel has failed to offer a reasonable explanation for not timely responding to Defendants' discovery requests.

Rule 37 of the Federal Rules of Civil Procedure provides that the Court may compel disclosure and may enter sanctions against individuals who fail to make disclosures or participate in discovery. The rule provides, in pertinent part, that:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

In the case sub judice, the evidence clearly establishes that Plaintiffs and their counsel have failed to fulfill their discovery obligations. Plaintiffs and their counsel failed to timely respond to Defendants' discovery requests, and have further failed to offer a reasonable explanation for such

failure. Accordingly, it is hereby **ORDERED** that Defendants' Motion to Compel is **GRANTED**. Plaintiffs are hereby **DIRECTED** to respond to Defendants' outstanding discovery requests, by providing full and complete responses to same, no later than **April 30, 2007.**

Mr. Abel's Pro Hac Vice Motion is **GRANTED;** however, he is cautioned that this Court will not tolerate dilatory conduct, and that the failure to adhere to Court directives will result in sanctions.

DONE this **20th** day of **April, 2007.**

                                        **/s/Sonja F. Bivins**
                               **UNITED STATES MAGISTRATE JUDGE**