IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE M. KERSHENSTINE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIVIL ACTION 06-0618-WS-B |
| JAMES BRIAN GRAYSON, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of defendant United Services Automobile Association ("USAA") to sever and to conditionally opt out of proceedings. (Doc. 39). The remaining parties declined the opportunity to respond. (Doc. 41).

USAA is the plaintiffs' uninsured motorist insurer. Under Alabama law, such an entity joined as a defendant by its insured may "elect *either* to participate in the trial ... *or* not to participate in the trial." *Lowe v. Nationwide Insurance Co.*, 521 So. 2d 1309, 1310 (Ala. 1988) (emphasis in original). Either way, "the insurer would be bound by the factfinder's decisions on the issues of liability and damages." *Id*. USAA recognizes, and agrees to, this consequence of its election to opt out. (Doc. 39 at 1).

Some cases have indicated that an opt out is effected by dismissal of the insurer, *e.g., Ex parte Edgar*, 543 So. 2d 682, 684 (Ala. 1989), but some have indicated that no true dismissal occurs. *E.g., Ex parte Boles*, 720 So. 2d 911, 914 (Ala. 1998). Other courts have indicated that an opt out can be accomplished by severance under Rule 42(b). *See Ex parte Aetna Casualty & Surety Co.*, 708 So. 2d 156, 158 (Ala. 1998); *Southern Guaranty Insurance Co. v. Welch*, 570 So. 2d 654, 655 (Ala. 1990). This is the approach favored by USAA.

Severance should be accompanied by entry of a stay of the plaintiff's claim against

USAA for uninsured benefits.  This procedure enforces the Alabama rule that, once the insurer has opted out, it can no longer participate in discovery.  *Edgar*, 543 So. 2d at 684.

USAA asserts that it should be "allow[ed] ... to opt back in should a settlement be proposed that would affect its rights under the subject policy of insurance," because the *Welch* Court "seemingly approved" this procedure.  (Doc. 40 at 2).  In *Welch*, the plaintiff's insurer opted out, thereby ending its opportunity to participate in the litigation.  It then learned of settlement negotiations between its insured and the underinsured defendant, and of the opinion of the underinsured defendant's insurer that damages could exceed policy limits.  The plaintiff and defendant appeared at trial and agreed to an award of $185,000, which the trial court entered as a judgment.  The *Welch* Court ruled that the plaintiff's insurer had no cause to complain of the judgment (by which it was bound under *Lowe*), because it was aware of the settlement negotiations and "should have 'opted back in' to preserve its rights under the policy."  570 So. 2d at 657.

It is not clear how *Welch* applies to this action.  Certainly a plaintiff's uninsured motorist insurer has the right to be informed of its insured's lawsuit against an uninsured defendant, the initial right to opt in to the lawsuit by intervening if it is not sued, and the right to be notified of a proposed settlement that leaves uninsured benefits in play, whether or not it intervenes.  *Lowe*, 521 So. 2d at 1310; *Welch*, 570 So. 2d at 656.  But it is not clear that, once such an insurer has elected to opt out of the litigation, it may later opt back in simply because its assessment of the situation has changed.[1]  Nor is it clear that such an approach is necessary to protect the insurer's interests since, once aware of the settlement negotiations, it can protect its interests outside the litigation by becoming involved in those negotiations.  The only situation in which *Welch* would clearly apply —

---

[1]*See Edgar*, 543 So. 2d at 685 (court "had no authority to grant" an opt-out under *Lowe* conditioned on the insurer's continued participation in discovery and its right to intervene if it later determined intervention to be in its best interests); *accord Aetna*, 708 So. 2d at 158 (under *Lowe*, court "had no authority to allow Aetna to withdraw while reserving the option to return").

when the parties seek to dress a settlement as a judgment and thereby bind an insurer that has opted out — has not been shown to be a likelihood in this case, nor is the Court likely to approve such machinations.

For the reasons set forth, USAA's motion is **granted in part**. The plaintiff's claim against USAA for uninsured motorist benefits is **severed** from the remainder of the action, and that severed claim is **stayed** in its entirety pending further order of the Court. In all other respects, USAA's motion is **denied**, without prejudice to its ability to seek the denied relief in the future on a more adequate showing.

DONE and ORDERED this 13th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE